**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| JERROD SCOTT PENDERGRASS,<br>*Plaintiff*,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security<br>Administration,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>Case No: 1:25-cv-00205-CHS |

**MEMORANDUM OPINION**

## I. Introduction

Plaintiff Jerrod Scott Pendergrass ("Plaintiff") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from his denial of benefits and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34, and Title XVI of the Act, 42 U.S.C. §§ 1381-83f. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 13].

Each party has filed a brief seeking judgment in their favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 11, 18]. For reasons that follow, Plaintiff's request for relief [Docs. 11] will be **DENIED**, the Commissioner's request for relief [Doc. 18] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

## II. Procedural History

On December 28, 2017, Plaintiff applied for disability insurance benefits under the Act,

alleging disability as of August 2, 2017. (Tr. 77). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge, and the ALJ found Plaintiff was not disabled on March 19, 2020. *Id.* On March 18, 2022, Plaintiff again applied for disability insurance benefits under the Act, alleging disability as of July 1, 2022. (Tr. 22). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

A hearing was held on November 17, 2023, that included Plaintiff's attorney. *Id.* Administrative Law Judge Wesley R. Kliner ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 41-68). The ALJ then rendered his decision on February 12, 2024, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 22-34).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 1). Exhausting his administrative remedies, Plaintiff then filed his Complaint [Doc. 1] on June 26, 2025, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs, and this matter is ripe for adjudication.

## III. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.

2. The claimant has not engaged in substantial gainful activity since July 1, 2022, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: lumbar and cervical degenerative disc disease; left shoulder adhesive capsulitis; status post distal clavicle resection; status post right clavicle fracture; degenerative joint disease of the right shoulder; psoriatic arthritis; depression; anxiety disorder; and epilepsy (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments

in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to no overhead reaching with the bilateral upper extremities. He could frequently handle and finger with the left upper extremity. He is able to frequently balance, kneel, crouch, and climb ramps and stairs; occasionally stoop; never climb ladders, ropes, or scaffolds, and no crawling. He should have no exposure to workplace hazards, he could never operate a motor vehicle and no exposure to unprotected heights. The claimant could have occasional contact with the public, coworkers, and supervisors, and he could adapt to gradual infrequent change.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 23, 1971, and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2022, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 22-34).

## IV. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if he: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that he is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, he is not disabled; (2) if a claimant does not have a severe impairment, he is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, he is disabled; (4) if the claimant is capable of returning to work he has done in the past, he is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, he is not disabled. *Id.* If at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that he cannot return to his former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering his age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United*

*States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## V. Analysis

Plaintiff argues that the ALJ erred because the ALJ did not correctly apply the law. [Doc. 11 at 1]. Specifically, Plaintiff argues that the ALJ did not apply *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018), when analyzing Plaintiff's new disability claim. [*Id.* at 2]. If the ALJ had applied *Earley*, Plaintiff argues, "he probably would have" crafted "a more restrictive residual functional capacity and in doing so [Plaintiff] would have been found disabled." [*Id.*]

To begin, the Court notes that Plaintiff does not challenge any specific part of the RFC prescribed by the ALJ. [*See* Doc. 11]. Thus, Plaintiff has waived any argument related to an improper RFC determination. *See United States v. Moore,* 376 F.3d 570, 576 (6th Cir.2004) (noting that the "normal practice" is to not decline to address issues not raised in the briefing); *see also McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks omitted).

Next, the Court will address Plaintiff's argument that the ALJ did not apply the correct legal standards. For context, Plaintiff applied for disability insurance benefits in 2017, and the ALJ found that Plaintiff was not disabled in March of 2020. (Tr. 77-94). Plaintiff again applied for disability insurance benefits in 2022, and presented new evidence from 2022 and 2023. (Tr. 22-34). The ALJ found that Plaintiff was not disabled in February of 2024, which is at issue in this appeal. (*Id.*)

Plaintiff argues that in the 2024 decision, the ALJ did not cite the correct legal standard when considering the RFC prescribed by the ALJ in 2020, as well as the new evidence from 2022

and 2023. [*See* Doc. 11 at 2]. According to Plaintiff, the ALJ needed to cite *Earley v. Commissioner of Social Security*, instead of *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990), and the related Acquiescence Rulings (ARs). [*See* Doc. 11]. Under *Earley*, when a claimant brings a claim alleging a new period of disability after denial from a previous claim, the ALJ must give the new application a "fresh look" when it "contain[s] new evidence or satisf[ies] a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." 893 F.3d at 931.

While the ALJ did not specifically cite *Earley* in his opinion, the Court finds that the ALJ complied with its standards. Specifically, the ALJ stated: "New evidence supports the inclusion of the additional factors or changes set forth in the residual functional capacity above." (Tr. 31). And the 2024 RFC did indeed change from the 2020 RFC. The RFC in the 2020 opinion stated:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to no overhead reaching with the bilateral upper extremities. He could frequently handle and finger with the left upper extremity. He is limited to no climbing of ladders, ropes, or scaffolds, and no crawling. The claimant could perform other postural activities occasionally. He should have no exposure to hazards and he could never operate a motor vehicle. The claimant could have occasional contact with the public, coworkers, and supervisors, and he could adapt to gradual and infrequent change.

(Tr. 83). The RFC in the 2024 opinion then stated:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to no overhead reaching with the bilateral upper extremities. He could frequently handle and finger with the left upper extremity. *He is able to frequently balance, kneel, crouch and climb ramps and stairs; occasionally stoop*; never climb ladders, ropes, or scaffolds, and no crawling. He should have no exposure to workplace hazards, he could never operate a motor vehicle and *no exposure to unprotected heights*. The claimant could have occasional contact with the public, coworkers, and supervisors, and he could adapt to gradual infrequent change.

(Tr. 27-28) (emphasis added).

In the 2024 RFC, the ALJ added that Plaintiff would be able to frequently balance, kneel, crouch and climb ramps and stairs, as well as occasionally stoop. (*Id.*) He also added that Plaintiff should have no exposure to unprotected heights. (*Id.*) These additions to the RFC from the previous RFC were made because of the 2022 and 2023 evidence that the ALJ received. Additionally, the ALJ wrote four pages analyzing the new evidence, and factored the new limitations and abilities into the ultimate RFC determination. (Tr. 27-31).

Further, Sixth Circuit case law recognizes that citing the earlier *Drummond* case (instead of *Earley*) does not warrant remand so long as the ALJ complies with the tenets of *Earley*—providing a "fresh look" at the new claim and new period of disability. *See Gooden v. Comm'r of Soc. Sec.*, No. 23-3927, 2024 WL 2830817, at *4 (6th Cir. June 4, 2024) ("[O]n appeal, we need determine only whether the second ALJ actually afforded the new application a fresh look under *Earley*, notwithstanding rote recitation of a legal standard suggesting otherwise.") (citing *Dennis D. v. Comm'r of Soc. Sec.*, No. 23-3667, 2024 WL 1193662, at *4 (6th Cir. Mar. 20, 2024) (internal quotation marks omitted)). The Court finds that the ALJ did provide the "fresh look" that is required in this case. Thus, the ALJ complied with the tenets of *Earley*, and the RFC is supported by substantial evidence.

**VI. Conclusion**

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 11] will be **DENIED**, the Commissioner's request for relief [Doc. 18] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE